JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-94-JST (JPRx)                                      Date:  February 4, 2013
Title:  Tom Kramford, et al. v. Wells Fargo Bank, N.A., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Nancy Boehme | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                          Not Present

**PROCEEDINGS:**   (IN CHAMBERS)  ORDER (1) REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2013-00622558, AND (2) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS

   Defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB ("Wells Fargo"), removed this action from the Orange County Superior Court, case number 30-2013-00622558, on the basis of diversity jurisdiction. (Notice of Removal, Doc. 1.)  In its Notice of Removal, Wells Fargo asserts that Plaintiffs are citizens of California and that Wells Fargo is a citizen of South Dakota.  (*Id.* at 2-3.)  Specifically, Wells Fargo asserts that under *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), and its progeny, a national banking association is a citizen only of the state in which its main office is located.  (*Id.* at 3.)  For the reasons set forth in this Court's Remand Order in *David Tran v. Wells Fargo Bank, N.A. et al.*, No. 5:12-cv-0016-JST (OPx) (C.D. Cal. Jul. 6, 2012), Doc. 15, the Court disagrees with Wells Fargo's reading of *Schmidt*, and concludes that a national bank is also a citizen of the state in which its principal place of business is located.  Therefore, Wells Fargo is a citizen of California, and the requirement of complete diversity is not met.

   Normally, the Court would issue an order to show cause: re subject-matter jurisdiction to determine whether any facts in this case would require a different result. However, in every case in which Wells Fargo has asserted diversity jurisdiction, the Court has concluded it lacked subject-matter jurisdiction, and no facts appear that would change the result here.  Moreover, the status quo will be maintained upon remand in light

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-94-JST (JPRx)                                                        Date:  February 4, 2013

Title:  Tom Kramford, et al. v. Wells Fargo Bank, N.A., et al.

of the TRO issued by the Superior Court before removal.  (*See* Doc. 11 at 33-34.)[1]  Accordingly, the Court concludes that it lacks subject matter jurisdiction, and REMANDS this case to Orange County Superior Court, Case No. 30-2013-00622558.  Defendant's Motion to Dismiss is DENIED as MOOT (Doc. 8), and the hearing set for March 15, 2013 at 2:30 p.m. is VACATED.

                                                                                Initials of Preparer:  nkb

---

[1] The Court takes judicial notice of the Superior Court's Order on Ex Parte Application for Temporary Restraining and Request for Order to Show Cause re Preliminary Injunction.  *See* FRE 201.  Although the TRO expired because Defendant removed this case before the hearing could be held, the Court assumes Defendant will take no action to foreclose the property until the status of the TRO is determined by the state court judge.

**CIVIL MINUTES – GENERAL**                                                                                      2